# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| JOSE D. SANTOS II,<br><br>    Plaintiff,<br><br>    vs.<br><br>MONTANA STATE HOSPITAL, HILL COUNTY, HAVRE, MONTANA, and the STATE OF MONTANA,<br><br>    Defendants. | Cause No.  CV 09-00004-GF-SEH-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Currently pending are Plaintiff's Motions to Proceed In Forma Pauperis (Documents 1 and 4) and a proposed civil rights Complaint (Document 2).

## I.  STATEMENT OF THE CASE

### A.    Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated his rights under Eighth and Fifth Amendments to the United

States Constitution. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B.  Parties

Plaintiff is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana. Plaintiff named the Montana State Hospital; Hill County, Havre, Montana; and the State of Montana as Defendants.

### C.  Plaintiff's Allegations

Plaintiff contends he is mentally ill and was mentally ill before and after his crimes. He alleges the Montana State Hospital maliciously failed to diagnosis him by calling him antisocial. He contends this failure caused him to receive two consecutive life sentences in prison as opposed to a civil commitment to the State Hospital. He alleges Defendants failed to find him not guilty by reason of insanity because of the nature of his crimes and not the law.

Plaintiff seeks $1,000 per day for the fifteen years he has been incarcerated or $8,950,000 and $10,000,000 in punitive damages.

## II.  MOTIONS TO PROCEED IN FORMA PAUPERIS

Plaintiff submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed

in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff is required to pay the statutory filing fee of $350.00. Because the current balance of Plaintiff's account is not in the record, the initial partial filing fee will be waived. Plaintiff will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. By separate order, the agency having custody of Plaintiff will be directed to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff's Complaint shall be deemed filed as of the date the Motion to Proceed In Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. *See* Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); *see also* United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## III. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is

subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) allow the Court to dismiss the complaint, before it is served upon the defendants, if it finds the complaint is "frivolous" or it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a

plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497

(9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

As Plaintiff is seeking to challenge a criminal conviction from the early 1990s, his claims are barred both by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and for failing to file within the applicable statute of limitations.

**B. Heck v. Humphrey**

In *Heck*, the United States Supreme Court held "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Heck*, 512 U.S. 477. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck,* 512 U.S. at 487; *Edwards v. Balisok*, 520 U.S. 641, 643, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

In *Heck*, the Supreme Court held that

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added).

Plaintiff challenges his criminal conviction arguing he should have been found not guilty by reason of insanity. Plaintiff's conviction was upheld by the Montana Supreme Court in 1995. *State v. Santos*, 273 Mont. 125, 902 P.2d 510 (Mont. 1995). Plaintiff's conviction has not been reversed, declared invalid, expunged, or called into question; therefore, Plaintiff has failed to state a claim upon which relief may be granted.

**C. Statute of Limitations**

The United States Supreme Court in the matter of *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here), determined that the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions.

In Montana, that period is three years after the action accrues. *Mont. Code. Ann. § 27-2-204(1)*.

According to the Complaint, the incident giving rise to Plaintiff's allegations occurred in the early nineties. Therefore, Plaintiff's claims are barred by the applicable statute of limitations.

## IV. CONCLUSION

Plaintiff's claims are barred by the *Heck* doctrine and he has failed to file his Complaint within the applicable statute of limitations. These are not defects which could be cured by amendment. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

### A.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated as a "strike" under this provision because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-921, 166 L.Ed.2d 798

(2007).[1]

   B.  **Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

   Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  See *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis

---

   [1]The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike under the PLRA is undecided in this circuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 n.2 (9th Cir. 2007).  However, Plaintiff's Complaint fails to state a claim both on the basis of *Heck* and Plaintiff's failure to file within the applicable statute of limitations.  Accordingly, the Court recommends the issuance of a strike.

in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. The finding that Plaintiff's claims are barred by the *Heck* doctrine and Plaintiff failed to file within the applicable statute of limitations is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

**ORDER**

1. Plaintiff's Motions for Leave to Proceed in forma pauperis (Documents 1 and 4) are **GRANTED.** The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on January 12, 2009.

3.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATIONS

1.  Plaintiff's Complaint should be **DISMISSED WITH PREJUDICE** for failure to file within the applicable statute of limitations and failure to state a claim upon which relief may be granted.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Plaintiff's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's failure to state a claim and failure to file within the applicable statute of limitations is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District

Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an appealable order and any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of February, 2009.

                                             */s/ Keith Strong*
                                             Keith Strong
                                             United States Magistrate Judge